CITY OF ALBANY V. GILBERT *et al.*, *Appellants.*

### Division One, May 24, 1898.

LAW: SUBSEQUENT STATUTE· CITIES: CONDEMNATION PROCEEDINGS. Section 1589 (R. S. 1889), passed in 1877, was not repealed by the subsequent statutes now known as sections 1815 to 1821 (R. S. 1889), passed in 1885. The first provides a method by which a city of the fourth class may condemn land for street purposes, and assess damages for the land actually taken at the time a street is first opened. It gives no remedy to the landowner whose property is injured but not taken for street purposes. The later statutes provide a remedy for injury done the landowner when a street is widened or the grade changed, and also a remedy where property is damaged by the improvement, though not actually taken for public use.

*Appeal from Gentry Circuit Court.*—HON C. A. ANTHONY, Judge.

AFFIRMED.

*Sallee & Goodman* for appellants.

(1) Appellants earnestly contend that the board of aldermen of the city of Albany had no authority whatever to appoint commissioners to assess the damages sustained by the appellants by the appropriation and sequestration of this land for street purposes. We contend that under the provisions of section 1815, Revised Statutes 1889, the circuit court of Gentry county or the judge thereof in vacation alone had the authority to appoint such commissioners. This is a proceeding *in invitum* for the condemnation of private property for public use, and in such cases all the requirements of the law must be strictly complied with.

*Ells v. Railroad,* 51 Mo. 200; *Cunningham v. Railroad,* 61 Mo. 33; *Lind v. Clemens,* 44 Mo. 540; *Leslie v. St. Louis,* 44 Mo. 479; *State ex rel. v. St. Louis,* 67 Mo. 113; *Anderson v. Pemberton,* 89 Mo. 61; *Kansas City v. Ford,* 99 Mo. 91; *Railroad v. Young,* 96 Mo. 39. (2) Said section, so far as it purported to confer upon the bo ard of aldermen of a city authority to appoint commissioners to assess the damages to a property owner resulting from the widening of a street, has been repealed and superseded by section 1815, Revised Statutes 1889, which is a later enactment. Section 8 of the act of 1885, declares that the proceedings by it provided for shall be exclusive of all others in the courts of this State for the recovery from any municipal corporation of damages done to private property for public use, within the meaning of section 21, of article II, of the State Constitution. Where two acts are not in express terms repugnant, yet if the later act covers the whole subject of the former, with new provisions, it will operate as a repeal of the former act. *U. S. v. Tynen,* 11 Wall. 88; *Norris v. Cooker,* 13 How. 429; *Pana v. Bowler,* 107 U. S. 529. (3) A subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it although it contains no express words to that effect, must on principles of law, as well as in reason and common sense, operate to repeal the former. *Bartlett v. King,* 12 Mass. 545. (4) Though a subsequent statute be not repugnant in all its provisions to a former, yet if it was clearly intended to prescribe the only rule which should govern, it repeals the former statute. Sutherland, Stat. Cons., sec. 154; *State v. Stoll,* 17 Wall. 425; *Daviess v. Fairbairn,* 3 How. 636; *U. S. v. Claflin,* 97 U. S. 546; *Bank v. U. S.,* 107 U. S. 445; *Tracy v. Tuffly,* 134 U. S. 206.

VOL. 144 mo—15

*Geo. W. Shoemaker, Chas. O. Patton* and *J. W. Peery* for respondent.

(1)   Repeals by implication are not favored and will not be decreed, unless it is manifest that the legislature so intended.   Every effort will be used to make all acts stand, and if, by any reasonable construction they can be reconciled, the later act will not operate as a repeal of the former.   23 Am. and Eng. Ency. of Law, 489–492 and notes; *State v. Macon Co.*, 41 Mo. 453; *State v. Bishop, Ib.* 16; *State ex rel. v. Draper*, 47 Mo. 29; *Curtwright v. Crow*, 44 Mo. App. 563; *Manker v. Fahlhaber*, 94 Mo. 430.   (2)   It is competent for the legislature to provide more than one method of procedure in the exercise of the right of eminent domain; provided these methods differ only as to details, but all conform to the requirements of the Constitution, touching the exercise of such right.   *Kansas City v. Oil Co.*, 140 Mo. 468.   (3)   Section 1589 gives to the board of aldermen of such cities power to "locate and lay out new streets and alleys, and to widen streets and alleys heretofore laid out and to appoint three commissioners to assess the damages," and prescribes a method of procedure which is not here complained of as lacking in any constitutional requirement.   Section 1815 was evidently intended to make provision for a great variety of matters not provided for in section 1589.   The section says nothing about locating or laying out streets, or widening streets, or taking private property for public use, but, provides that: "In all cases where the proper authorities in any city in this State have graded or regraded, or may hereafter grade or change the grade or lines of any street or alley, or in any way alter or enlarge the same or construct any public improvement, thereby causing

damage to private property for public use," etc.   Prior to that time, as is said in *Householder v. Kansas City*, 83 Mo. 488, the owner had no redress for injury and damage to his property caused by a change in the grade of a street, the courts holding that it was *damnum absque injuria*.   Up to that time the legislature had failed to pass any act in pursuance of this constitutional provision, providing a remedy for the property owner in such cases.   Section 1815 was evidently intended to supply this defect and omission, as appears from the language, "have graded or regraded, or shall hereafter grade, regrade or change the grade, thereby causing damage without the consent of the owner."   *Kansas City v. Oil Co.*, 140 Mo. 458.

BRACE, P. J.—This is a proceeding instituted by the plaintiff, a city of the fourth class, under the provisions of section 1589, article V, chapter 30, Revised Statutes 1889, to condemn and appropriate land of the defendants for the purpose of widening a street in that city, and assessing the damages for the taking thereof, in which the defendants appeal from the judgment of the circuit court of Gentry county, upon the verdict of the jury, finding that defendant's tract of land will sustain no damages by reason thereof, and assessing none in their favor.

By section 1589 it is provided that the mayor and board of aldermen of cities of the fourth class shall have power "to pass ordinances to locate and lay out new streets and alleys and to establish their grade, and to widen streets and alleys heretofore laid out, and to appoint three commissioners to assess the damages done to property upon which such street or alley may be located or widened, deducting from such damages the amount of benefit, if any, such street or alley, or the widening or grading thereof may be to the same; and

all assessments so made by said commissioner shall be reported as soon as completed to the board of aldermen, who may approve or reject the same, and may, if rejected, appoint new commissioners, who shall proceed as in the first instance; and if approved the land to be used for or occupied by the street or alley may be taken possession of for the purpose of establishing, grading and improving such street or alley, as soon as the amount of damages so assessed shall be tendered to the owner, or if he refuse to accept the same, paid into court for the owner, and all persons injured by such assessment may appeal to the circuit court of the county by filing written exceptions to such report in the office of the clerk of said court, within ten days after the approval of said report by said board of aldermen, and giving written notice of such appeal to said board of aldermen at least fifteen days before the first day of the term to which said appeal is taken; and the circuit court on such appeal shall be possessed of the case, and proceed therewith to final judgment according to law, or may make such order therein as right and justice may require, and may order a new appraisement upon good cause shown to be returned to and acted upon in open court at the same or any subsequent term thereof; but notwithstanding such exception and appeal said city may proceed to lay out, locate, grade, widen or improve such street, and any subsequent proceedings shall only affect the amount of compensation or damages to be allowed."

It is conceded by the appellants that the proceedings which resulted in the verdict and judgment from which they appeal in this case, were conducted in accordance with the requirements of this statute, but it is contended that the whole proceeding is void, and the judgment unauthorized for the reason that these statutory provisions were repealed or superseded by

sections 1815 to 1821, inclusive, of article I, chapter 31, Revised Statutes 1889, and this is the only question presented in the case. By section 1815 it is provided that, "in all cases where the proper authorities in any city in this State have graded or regraded or may hereafter grade or change the grade or lines of any street or alley, or in any way alter or enlarge the same or construct any public improvement, thereby causing damage to private property for public use within the meaning of section 21, of article II, of the State Constitution, without the consent of the owner of such property, or in case they fail to agree with the owner thereof for the proper compensation for the damages so done, or likely to be done or sustained by reason thereof, or if by reason of the legal incapacity of such owner no such compensation can be agreed upon, the circuit court having jurisdiction over the territory embraced in such city, or any judge thereof in vacation, on application by petition either by the city authorities or the owner of the property for which damage is claimed or any one on behalf of either, shall appoint three disinterested freeholders of such city who shall meet upon the premises at a time by them to be appointed, of which they shall give personal notice to the owners, or their agents, of the land affected, if they can be found, as well as five days' notice by advertisement in the newspaper doing the city printing; and the said commissioners having first been duly sworn to perform their duties justly and impartially and a true report to make, shall view the said street or alley or improvement and premises affected by the change or enlargement or. construction thereof, having due regard to and making just allowances for the advantages which have resulted or which may seem likely to result to the owner or owners of property for which damages may be allowed or claimed and after such

comparison shall estimate and determine whether any, and if any, how much damages such property may have sustained, or seems likely to sustain by reason thereof, and make report of same at the existing or following term of the court, and if no exceptions be filed within ten days thereafter, or in the event exceptions are filed and overruled, the court shall confirm the report and enter judgment thereon with costs." It is then further provided in said section who shall be made parties to the proceeding; what the petition shall contain, how process shall be served, and for the formation of a benefit district. The subsequent sections aforesaid provide for the payment of the damages by assessment against the city and the property benefited, for a review of the report of the commissioners by the circuit court upon exceptions thereto, and for an assessment of the damages by a jury.

The provisions of section 1589 hereinbefore quoted conferring upon cities of the fourth class the power of eminent domain to be exercised in the manner therein prescribed was first enacted and incorporated in the statutes of this State by the revision of 1879. R. S. 1879, sec. 4940. Sections 1815 to 1821 inclusive first became a part of the statute law of this State by act of the General Assembly, approved March 26, 1885, Session Acts 1885, page 47. This act does not by any of its terms repeal the provisions of section 4940, but on the contrary as appears by the emergency clause thereof, such act in the opinion of the legislature became necessary and was passed for the reason that the law of 1879 then in force did not cover the matter embraced in section 21, article II, of the Constitution which was intended to be covered by this act. Both of these laws thus enacted were carried into the revision of 1889, without any material alteration, thus showing that it was not the intention of the legislature that the

later act should repeal or take the place of the former one, but that both should stand. That such was the intention of the legislature is manifest also on the face of the enactments, when considered in connection with their history and the last organic law adopted previous to their enactment. By the Constitution of 1875 it was provided not only that private property should not be *taken* for public use without just compensation, as in the former Constitution, but in addition, that it should not be *damaged* without such compensation (art. II, sec. 21), and provision was therein also, for the first time, made for the classification of the cities and towns of the State. Art. IX, sec. 7. In pursuance of the latter provision, in 1877, an act was passed classifying the cities of the State into four classes (Sess. Acts, 1877, p. 41), and four several acts were also passed, defining the powers of each class. *Ib*. pp. 42–184. In section 10, page 176, of one of these acts, entitled "An act for the government of cities of the fourth class," is to be found section 1589, Revised Statutes 1889, and section 4940, Revised Statutes 1879, as originally enacted. As thus originally enacted it provided no means for the exercise of the right of eminent domain. In 1879 this whole subject was revised by the legislature, and by amendment of said section 10 express power to exercise that right was granted, and a mode for the exercise thereof prescribed in the language quoted from section 1589, Revised Statutes 1889, which is the same as in section 4940, Revised Statutes 1879, and like provision was made for cities of the other classes.

While the proceeding thus provided for was in harmony with the requirements of the Constitution, and appropriate and ample for condemning and appropriating private property for the purpose of locating, opening, grading and widening the streets and alleys of

a city of the fourth class, and securing to the owners of property on which such streets or alleys might be located just compensation for the property taken, no provision was made for determining and securing such compensation to property owners whose property was not taken for such public purpose, but which was or might be damaged by reason thereof. It was evidently to supply this omission in the act of 1879, and to carry into execution the new constitutional provisions for the protection of all property owners whose property might be injured by a public improvement, whether taken for the purpose of such improvement or not, that the act of 1885 was passed and ever since as amended by the act approved March 31, 1887, Session Acts 1887, page 37, along with the act of 1879, has been maintained in the statutes of the State.

The proceeding provided for in the earlier act is purely a condemnation proceeding, to be instituted by *the city authorities only* against the owners of private property which it is proposed to take for a public use, and in which possession of such property may be actually taken by them for such public use. The proceeding provided for in the later act is not a condemnation proceeding proper and no provision is therein made for the taking possession of private property for a public use. It may be instituted in all cases when the proper authorities in such city "have graded or regraded or may hereafter grade or change the grade or lines of any street or alley, or in any way alter or enlarge the same, or construct any public improvement, thereby causing damage to private property for public use . . . . . . . without the consent of the owner." It may be instituted by the city authorities, *or by any property owner* whose property has been or is likely to be damaged by the public improvement, entirely regardless of the fact whose property has been or is to be

taken for the public use, whether his own or that of someone else. The whole scope and purpose of this proceeding is to determine the amount of damages which the owner of private property has suffered or will suffer by reason of a public improvement *affecting* his property and providing the means of compensating him for such damage. Each of these acts has a separate and independent field for the operation of its provisions; the one effectuating, so far as cities of the fourth class are concerned, that provision of the Constitution inhibiting the taking of private property for public use without just compensation, and the other that provision of the Constitution prohibiting the *damaging* of private property for public use without just compensation. There is, therefore, no necessary or irreconcilable conflict or repugnance between the provisions of the two acts, and it being evident that the legislature did not intend that the later one should abrogate or take the place of the earlier one, upon well settled principles of statutory construction both may well subsist together. *State ex rel. v. Macon Co. Ct.*, 41 Mo. 454; *Manker v. Faulhaber*, 94 Mo. 430 and cases cited. 23 Am. and Eng. Ency. of Law, pp. 489–493 and notes.

We therefore hold that the provisions of section 1589 hereinbefore quoted were unrepealed and in force when the proceedings in this case, falling within those provisions, were had, and the same having been conducted to final judgment in strict conformity thereto, the judgment of the circuit court ought to be, and is affirmed. All concur.