CITY OF ST. LOUIS, Appellant, v. FERDINAND WALLRATH et al.

Division Two, April 7, 1922.

GRADING OF STREETS: Proceeding to Assess Damages and Benefits: Doing Work Pending Proceeding: Abatement. In view of the provisions of Section 8676, Revised Statutes 1919, proceedings instituted by the city of St. Louis to have assessed the damages and benefits resulting to private property by reason of a change of the grade of an established street pursuant to an ordinance of the city, did not abate, nor did the court wherein such proceedings were pending lose jurisdiction thereof, nor was such city estopped to further prosecute such proceedings, by reason of the fact that the city had caused the work of changing such grade to be done pending such proceedings and before paying the damages therefor, notwithstanding the provisions of Article 21 of the charter of such city, and of Sections 7778, 8980 and 8981, Revised Statutes 1919.

Appeal from St. Louis City Circuit Court.—*Hon. Granville Hogan,* Judge.

REVERSED AND REMANDED.

*Henry S. Caulfield, George F. Haid* and *Oliver Senti* for appellant.

(1) That portion of Section 21, Article II, of the Constitution which provides that until compensation for private property taken for a public use is paid to the owner or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested, has reference only to compensation for private property actually taken for a public use, and the damages to the remainder, and has no application to consequential damages to private property resulting from the grading of a street. Clemens v. Insurance Co., 184 Mo. 46; McGrew v. Paving Co., 247 Mo. 549. (2) Under the general statutes, cities are not required to pay

consequential damages resulting from the change of the grade of a street, to the owner of abutting property, or into court for the benefit of such owner, before the work of raising or lowering the surface of the street is actually done, but commissioners may thereafter be appointed to assess damages to private property resulting from such change of grade. R. S. 1919, secs. 8676, 8980, 8981, 9553, 9831, 9832. (3) In the absence of any charter provision St. Louis might have proceeded to have damages assessed for the grading of Kingshighway Northeast, under the general laws of the State. St. Louis v. Lang, 131 Mo. 412. (4) Statutes will not be so construed as to defeat constitutional rights. State ex rel. v. King, 136 Mo. 309. (5) Where provisions of the charter are merely declaratory compliance therewith is not jurisdictional. Paving Co. v. McManus, 144 Mo. App. 608. (6) Words of limitation or exception in an enabling act are not to be so construed as to limit or divest powers already possessed by those to whom the act relates. Bates v. Forcht, 89 Mo. 121; Brown v. Patterson, 224 Mo. 639. (7) In condemnation proceedings, instituted by a corporation possessing a special charter, a compliance with the provisions of the general law is sufficient. Cory v. Railroad, 100 Mo. 290, 291. (8) Estoppel is an affirmative defense and must be pleaded, unless it arises in such wise as to afford no opportunity to plead, or be shown by plaintiff's proof. McLure v. Bank, 263 Mo. 135. (9) A defense pleaded by one defendant does not inure to the benefit of his co-defendant. Bray v. Construction Co., 221 S. W. 818. (10) In a condemnation suit lack of authority to proceed as to one defendant does not deprive the city of authority to proceed as to the other defendants. St. Louis v. Lanigan, 97 Mo. 176.

*Walther, Muench & Hecker* for respondent.

(1) A municipality cannot change the grade of a street without compensating the abutting owner for damages caused thereby. Sec. 21, Art. II. Mo. Constitution;

Hickman v. Kansas City, 120 Mo. 118; McMurray-Judge Co. v. St. Louis, 138 Mo. 608. (2) It is the well settled legislative policy of the State that a change of grade of a street shall not be made until the damages to the abutting property have been first ascertained and paid. Sec. 7778, R. S. 1919; Sec. 8331, R. S. 1919; Sec. 8512, R. S. 1919; Sec. 8910, R. S. 1919; Secs. 8980-81, R. S. 1919; Article 21, Charter of St. Louis; Article VI, Charter of Kansas City. This legislation is to "piece out the Constitution," and compel assessment and payment of damages in the same manner for consequential damage as for appropriation. McGrew v. Paving Co., 247 Mo. 549. (3) The present charter of St. Louis provides a scheme for condemnation for change of grade, and under its terms the damage may not be inflicted until after the right to change the grade has been judicially determined, the damages and benefits ascertained and assessed by the commissioners and the amount of damages, less benefits, paid to the property owner or into court for his benefit. Article 21, Charter of St. Louis. (4) Where there are such statutory provisions as are contained in the present charter of St. Louis, the grade of a street cannot be changed without first making compensation to the owner of abutting property. McQuarter v. St. Joseph, 134 Mo. App. 640; Inv. Co. v. Brick & C. Co., 143 Mo. App. 357; Holmes v. Kansas City, 209 Mo. 513; McGrew v. Paving Co., 247 Mo. 549. (5) Entry before the right to enter has been perfected in the manner provided by law is unlawful and constitutes a trespass. Lewis on Eminent Domain (3 Ed.) secs. 759, 901, 913, 931, 834; Hickman v. Kansas City, 120 Mo. 118. (6) The power of eminent domain is not inherent in a municipal corporation. Neither can it be implied or inferred. It must be given in express terms and in plain English. Schmidt v. Densmore, 42 Mo. 225; 4 McQuillan on Municipal Corporations, sec. 1459. (7) Where power of eminent domain is delegated to a municipal corporation and a remedy provided by statute, the statutory remedy is exclusive. Soulard v. City, 36 Mo. 546. (8) The primary

purpose of a condemnation suit is the judicial determination of the right to appropriate or damage property. Sec. 20, Art. II, Mo. Constitution; Railroad v. Imp. Co., 256 Mo. 386; Railroad v. Kemper, 256 Mo. 279; Savannah v. Hancock, 91 Mo. 54; St. Joseph T. R. Co. v. Railroad, 94 Mo. 535; School District v. Jones, 229 Mo. 510. The ascertainment of damages constitutes a second branch of the case. Railroad v. 2nd St. Imp. Co., 256 Mo. 386; Railroad v. Kemper, 256 Mo. 279. It is incumbent upon the plaintiff to prove that all statutory requirements have been strictly complied with. St. Louis v. Glasgow, 250 Mo. 272; Albers v. St. Louis, 268 Mo. 349; Inv. Co. v. Brick Co., 143 Mo. App. 357; City v. Hancock, 91 Mo. 54; Leslie v. St. Louis, 47 Mo. 474. And the same rules which apply to a proceeding for taking property apply to condemnation for change of grade. In re Bledsoe Hill, 200 Mo. 642. (9) The provisions of the charter of St. Louis relating to procedure in condemnation cases govern as against provisions of general law. Brunn v. Kansas City, 216 Mo. 108. (10) The proceeding provided for in the Act of 1885 (now Secs. 8676 et seq., R. S. 1919) is not a condemnation proceeding proper, and no provision is therein made for taking possession of private property for public use. Albany v. Gilbert, 144 Mo. 224. The Act of 1885 is merely a cumulative remedy for recovery of damages sustained by the abutting property owner. Hickman v. Kansas City, 120 Mo. 118. Under the Act of June 2, 1899 (Secs. 8980 et seq., R. S. 1919), damages had to be ascertained and paid before grading was done. McGrew v. Paving Co., 247 Mo. 549; Clemens v. Ins. Co., 184 Mo. 46. The latter act was superseded by the new charter of St. Louis. Kansas City v. Field, 99 Mo. 352. (11) The city may dismiss or abandon a condemnation proceeding at any stage before final judgment if in its view the public interests demand such action. St. Louis v. Cooper C. W. Co., 216 S. W. 944; Sylvester v. St. Louis, 164 Mo. 601. (12) The "estoppel" pleaded by defendant is in effect a plea that the acts set up in the answer amounted to

an abandonment of the condemnation suit.  Plaintiff
could abandon the suit by the acts done out of court set
up in the answer as effectively as if it had entered a vol-
untary dismissal of the case.  Its acts were entirely in-
consistent with an intent to continue the condemnation
proceedings and the taking of inconsistent positions con-
stitutes an estoppel.  10 R. C. L. pp. 673, 711, 712.

HIGBEE, P. J.—This is an action for the assess-
ment of damages and benefits to private property by
reason of a change in the grade of a portion of Kings-
highway Northeast, from Penrose Park to West Floris-
sant Avenue, in the city of St. Louis.

The petition, filed November 8, 1918, names about
150 owners of property which will or may be damaged
by the grading for the public improvements, and work
to conform to the elevations established by the ordinances
which are pleaded.  William Bruecker and six other
defendants answered admitting the enactment of the
ordinances and the establishment of the grades as plead-
ed and that they are owners of abutting lots which will
or may be damaged by the grading for the proposed work
and public improvements.  They allege that the city of
St. Louis did heretofore, pursuant to the order of the
Board of Public Service of said city and to ordinances
duly enacted by the Board of Aldermen of said city,
change the physical grade of said Kingshighway North-
east, and did thereby greatly damage the property of
these defendants without first compensating them as by
the Constitution and statutes of the State and the charter-
of said city provided; that such change of grade con-
stituted a trespass and the defendants, William Bruecker
and Nettie Bruecker, had instituted and there is now
pending in the Circuit Court of the City of St. Louis
an action against plaintiff for the damages arising from
said trespass, and that the other above-named defendants
are preparing to institute like suits to recover the dam-
ages sustained by them respectively by reason of such
trespass.  The other defendants did not answer or plead

to the petition. A motion to strike out this special plea
in the answer being overruled and plaintiff failing to file
a reply to the answer, the court dismissed the petition as
against all of the defendants. From this order plaintiff
appealed.

The respondents contend that under our Constitu-
tion, statutes and the charter of the city, plaintiff was
required to pay to the owners of abutting property, or
into court for their benefit, consequential damages aris-
ing from a change in the grade of the street, before be-
ginning the work, and that where the city proceeds with
the work pending an action to assess the benefits and
damages, the plaintiff is estopped from proceeding with
the suit and the court loses jurisdiction of the action as
an entirety, and it abates, not only as to the defendants
pleading, but to the others as well who do not plead.

I. This was not an action to condemn private prop-
erty for a street. It was admitted that the street had
long been in existence and that ordinances had been en-
acted and appropriate proceedings taken
Grading Street: to change the grade of the street and that
Proceeding to
Assess Damages the owners of abutting lots would or
and Benefits. might sustain consequential damages as
a result of such change of grade. Hence
the right of the city to change the grade is not in ques-
tion.

Article XXI of the Charter of the City of St. Louis
relates to the condemnation of or damages to private
property, real or personal, or any easement therein for
public use. It provides for the appointment of com-
missioners to assess damages in the condemnation or the
damaging of property for highways or in the change of
the grade of streets; that the damages and benefits shall
be assessed as of the date the ordinance became effective.

Section 6 provides: "At any time after the Com-
missioners file their report, the city may pay into court
the amount of damages assessed, less benefits, if any,
and thereupon it shall be entitled to take possession of
or damage the property."

Section 7778, Revised Statutes 1919, reads: ''No street, avenue, sidewalk, alley or other public place in any city of the first class, excepting parks, parkways and boulevards, shall be graded so as to change the existing grade thereof, unless the property owners to be affected thereby petition therefor and waive all claim to damages on account thereof, or unless such damages shall be first ascertained and paid as hereinafter provided; and any special tax bills issued, for grading in violation of this law shall be void.'' [R. S. 1909, sec. 8692.]

There can be no doubt that this section requires damages for taking, as well as consequential damages, to be ascertained and paid before a street in a city of the first class can be graded so as to change the existing grade. [McGraw v. Paving Co., 247 Mo. 549, 570.] Notwithstanding the provisions of this section, pending the action for the ascertainment of the resulting damages, the city made the improvements pursuant to ordinances regularly enacted, which changed the existing grade. So far as this record discloses, this was done without protest on the part of the owners of abutting property.

In this case there is no taking of private property. The abutting lots were not invaded or even touched. It is admitted that the damages claimed are purely consequential. Section 8980, Revised Statutes 1919, which is applicable to the city of St. Louis, provides a procedure for the assessment of damages and benefits derived from the proposed grading or re-grading. Section 8981 provides that in case a claim or claims for damages be filed, the court shall retain jurisdiction and proceed to cause the damages or compensation to be ascertained in the manner provided by the charters of such cities or any law affecting the same.

Section 8676, Revised Statutes 1919, provides, in substance, that in all cases where the proper authorities in any city in this State have graded or re-graded or may hereafter grade or change the grade of any street or alley, causing damage to private property for public use, within the meaning of Section 21 of Article 2 of

the State Constitution, without the consent of the owner of such property, or, in case they fail to agree with the owner thereof for the proper compensation for the damages done or likely to be done or sustained by reason therof, commissioners may be appointed to estimate and determine the damages, if any, the property has sustained, and providing the procedure.

"It [the action] may be instituted by the city authorities, or by any property owner whose property has been or is likely to be damaged by the public improvement, entirely regardless of the fact whose property has been or is to be taken for the public use, whether his own or that of someone else. The whole scope and purpose of this proceeding is to determine the amount of damages which the owner of private property has suffered or will suffer by reason of a public improvement affecting his property and providing the means of compensating him for such damage." [Albany v. Gilbert, 144 Mo. 224, l. c. 232.]

This section is remedial and is intended to meet the conditions presented by this case. It should be liberally construed. We cannot agree with respondents that the making of the improvements pursuant to the ordinances worked an abandonment of the action for the assessment of the damages or estopped plaintiff from the further prosecution thereof. Independent of the sections cited, supra, it has been held that proceedings to condemn may be instituted after the appropriation of the land, either under a special charter or the general law. [Cory v. Railroad, 100 Mo. 282, 292.]

In view of the facts that this proceeding is authorized by our statutes, either before or after the completion of the work; that no one was injured by it; that it might have been commenced by the city or by the owners of the abutting property, there can be no merit in the claim that the doing of the work before the assessment and payment of the damages was an abandonment of the action, or that it estopped further prosecution thereof.

The judgment is reversed and the cause remanded for further proceedings. All concur.